UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO BARBOA, | ) Case No. CV 09-04334 MMM(JC) |
| Petitioner, | ) ORDER ADOPTING FINDINGS, CONCLUSIONS, AND |
| v. | ) RECOMMENDATIONS OF UNITED STATES MAGISTRATE |
| VICTOR ALMAGER, | ) JUDGE |
| Respondent. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), all of the records herein, including the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), and petitioner's objections to the Report and Recommendation ("Objections"). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and adopts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections.

Petitioner's Objections, construed liberally, can be read to assert that plaintiff is entitled to equitable tolling because the attorney who represented him on direct appeal and in connection with petitioner's first state habeas petition,

was ineffective in failing to raise the arguments contained in the current federal Petition and because of petitioner's ignorance of the law.[1]

The United States Supreme Court has recognized that 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). In order for a litigant to be entitled to equitable tolling, he must establish that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. Holland, 130 S. Ct. at 2562 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Lawrence v. Florida, 549 U.S. 327, 336 (2007); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010). The threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule. Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006) (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002)). Petitioner must prove that the alleged extraordinary circumstance was a proximate cause of his untimeliness and that the extraordinary circumstance made it impossible to file a petition on time. Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009); Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2006) (citing Stillman v. Lamarque, 319 F.3d 1199, 1203 (9th Cir. 2003)), cert. denied, 549 U.S. 1317 (2007). Petitioner has not demonstrated that he is entitled to equitable tolling.

First, attorney negligence is not a sufficient basis for applying equitable tolling to the Section 2244(d)(1) limitation period. Holland, 130 S. Ct. at 2564; Porter, 620 F.3d at 959; see, e.g., Lawrence, 549 U.S. at 336 (attorney miscalculation of limitations period insufficient to warrant equitable tolling); Randle v. Crawford, 604 F.3d 1047, 1057-58 (9th Cir. 2010) (rejecting claim for

---

[1]As petitioner raised his equitable tolling claims for the first time in his Objections, such claims – like those raised in the Petition – are untimely and the Court may appropriately decline to consider them. See United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000), cert. denied, 534 U.S. 831 (2001).

equitable tolling based on counsel's alleged negligence in failing to perfect appeal), cert. denied, __ S. Ct. __, 2010 WL 3236606 (Oct. 12, 2010).  Attorney misconduct may constitute an extraordinary circumstance warranting equitable tolling only where the conduct is "sufficiently egregious."  Porter, 620 F. 3d at 959; Spitsyn v. Moore, 345 F.3d 796, 800, 801 (9th Cir. 2003) (equitable tolling warranted where attorney was hired nearly a full year in advance of the deadline but completely failed to prepare and file a petition, was contacted by petitioner and his mother numerous times by telephone and in writing, and retained the file beyond the expiration of the statute of limitations).  This is not such a case.  However, even assuming petitioner's counsel's failure to raise petitioner's instant claims on direct appeal or in the petitioner's first state habeas petition constituted sufficiently egregious conduct, petitioner offers no basis to conclude that such conduct proximately caused petitioner to miss the statute of limitations deadline.  Indeed, petitioner's direct appeal and first state habeas petition were resolved in 1998, before the statute of limitations even commenced to run and more than ten years before petitioner filed the instant Petition.

     Second, petitioner's lack of legal knowledge or sophistication is not an extraordinary circumstance that warrants equitable tolling.  See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the limitations period); Rodriguez v. Walker, 2010 WL 3943629, at * 5 (E.D. Cal. Oct. 4, 2010) (petitioner's indigent status and limited legal knowledge are not extraordinary circumstances since they are shared by the vast majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus); see also Barrow v. New Orleans Steamship Association, 932 F.2d 473, 478 (5th Cir. 1991) (neither "lack of knowledge of applicable filing deadlines," nor "unfamiliarity with the legal process," nor "lack of representation during the applicable filing period," nor "illiteracy," provides a basis for equitable tolling).

1    Finally, petitioner fails to show that he exercised reasonable diligence in
2 asserting the claims in the instant Petition.
3    As petitioner fails to establish that extraordinary circumstances prevented
4 him from asserting his rights in a timely fashion and has failed to show that he
5 exercised reasonable diligence in asserting his claims, he is not entitled to equitable
6 tolling.  Accordingly, as explained in the Report and Recommendation, the Petition
7 is time-barred.
8    IT IS ORDERED that Judgment be entered denying the Petition and
9 dismissing this action with prejudice.
10    IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the
11 United States Magistrate Judge's Report and Recommendation, and the Judgment
12 herein on petitioner and counsel for respondent.
13    LET JUDGMENT BE ENTERED ACCORDINGLY.

15    DATED:  December 21, 2010

17    _____
18    HONORABLE MARGARET M. MORROW
     UNITED STATES DISTRICT JUDGE